IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| The Estate of MARJORY D. SHARP, by and through her Personal Representative, JEFFERY SHARP,<br><br>                  Plaintiff,<br>          v.<br><br>CAROL CALLAHAN, OREGON CASCADES WEST COUNCIL of GOVERNMENTS, SAMARITAN HEALTH SERVICES, INDEPENDENCE HEALTH and REHABILITATION CENTER,<br><br>                  Defendants. | CASE NO. 3:12-cv-0605-HO<br><br>ORDER |

### INTRODUCTION

*Pro se* plaintiff Jeffrey Sharp, acting in his capacity as personal representative for the Estate of Marjory Sharp (plaintiff), brings three claims asserting violation of the 14th Amendment, false imprisonment and wrongful death against defendants Carol Callahan (Callahan); Oregon Cascades West Council of Governments (OCWCG); Samaritan Health Services (Samaritan); and Independence Health and Rehabilitation

Center(IHRC).  [#2- pp.12-13].  Plaintiff also moves the court
for appointment of *pro bono* counsel.  [#13].

Defendants Callahan and OCWCG move to dismiss because
plaintiff, " a non-lawyer, may not represent the estate in this
case" in which there are multiple beneficiaries.  [#10; #12].

## BACKGROUND

This action appears to arise as a result of Jeffrey Sharp's
dissatisfaction with his late mother's treatment by various care-
givers and care-giver providers, while she was in a government
funded residence, as well as his arrest for elder abuse[1].  [#21-
Ex.7,p.4,¶¶9-10].

Plaintiff does not dispute that there are multiple
beneficiaries to Marjory Sharp's estate[2] or that he is not an
attorney licensed to practice in Oregon.  [#2-Ex.1; #11].

## DISCUSSION

### 1.  Motions to Dismiss

A Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is proper
only where there is a lack of a cognizable legal theory or the

---

[1]     After a bench trial, plaintiff was found not guilty of
the charge of criminal mistreatment in the first degree on
February 2, 2012.  [#2-Ex.11].

[2]     The record before the court indicates that Mrs. Sharp
died without a will and that she had at least two sons, Jeffery
and Christopher, thus, under ORS 112.045 her estate has at least
two beneficiaries.  [#2; #10].  It is unclear from the record
whether the estate had any creditors.

absence of sufficient facts alleged under a cognizable theory. *Balisteri v. Pacific Police Dept.,* 901 F.2d 696,699 (9ᵗʰ Cir.1990). The issue is not whether the plaintiff is likely to succeed on the merits but if the complaint is sufficient to entitle the plaintiff to proceed beyond the pleadings in an attempt to establish his claim. *De La Cruz v. Torrey,* 582 F.2d 45, 48 (9ᵗʰ Cir 1978).

Generally, when ruling on a 12(b)(6) motion, a court may only consider allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000). However, the court need not accept allegations as true that contradict facts that may be judicially noticed by the court. *Shwartz v. KPMG, LLP,* 476 F.3d 756, 763 (9th Cir 2007). Additionally, the court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary judgment motion. *Intri-Plex tech., Inc. V. Crest Group, Inc.,* 499 F.3d 1048, 1052 (9th Cir.2007).

The general rule establishing the right of an individual to represent himself in federal courts of the United States is intended to provide individuals with equal access to the courts. See 28 U.S.C. §1654. In other words, in an action brought by a *pro se* litigant, the real party in interest must be the person who "by substantive law has the right to be enforced." *C.E. Pope*

3 - ORDER

*Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir.1987);
see also *McShane v. United States,* 366 F.2d 286, 288 (9th
Cir.1966)( the privilege to represent oneself *pro se* provided by
section 1654 is personal to the litigant and does not extend to
other parties or entities).

Where, as here, an estate has multiple beneficiaries and
creditors, an attorney must represent a personal representative
before the court. *Simon v. Harford Life, Inc.*, 546 F.3d 661, 664
(9th Cir.2008)(courts have routinely adhered to the general rule
prohibiting *pro se* plaintiffs from pursuing claims on behalf of
others in a representative capacity). These limits on *pro se*
representation serve the interests of the represented party as
well as the interests of adversaries and the court. *C.E. Pope
Equity Trust v. United States,* 818 F.2d 696, 697-98 (9th
Cir.1987)(trustee attempting to represent a trust *pro se* was not,
pursuant to 28 U.S.C. §1654, a "party" conducting his "own case
personally" as he was not the beneficial owner of the claims
being asserted).

Under the circumstances in this case, the action cannot be
described as the litigant's own, because the personal interests
of the estate, other survivors, and possible creditors, will be
affected by the outcome of the proceedings. A non-lawyer
representative, such as plaintiff, can not litigate claims that
are not personal to him.

4 - ORDER

**2.    Motion for Appointment of Counsel:**

Plaintiff also moves the court for appointment of *pro bono*
counsel.  [#13].  There is no constitutional right to counsel in
a civil case.  *United States v. 30.64 Acres of Land*, 795 F.2d
796, 801 (9th Cir. 1986).  While this court has discretion to
request volunteer counsel for indigent plaintiffs in exceptional
circumstances, the court has no power to make a mandatory
appointment.  28 U.S.C. § 1915(d); *Mallard v. U.S. Dist. Court of
Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances
exist, the court evaluates the plaintiff's likelihood of success
on the merits and the ability of the plaintiff to articulate his
claim in light of the complexity of the legal issues involved.
*Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir.1990);
*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986).
However, "[n]either of these factors is dispositive and both must
be viewed together before reaching a decision on request of
counsel under section 1915(d)."  *Wilborn*, 789 F.2d at 1331.

Although the facts and legal issues involved in this case
are not of substantial complexity, in light of plaintiff's *in
forma pauperis* status and his inartful attempts to articulate a
claim, the clerk of the court shall submit this matter to the
volunteer panel for the limited purpose of review to determine

possible *pro bono* representation.   28 U.S.C. §1915(e)(1).

### CONCLUSION

Based on the foregoing reasoning, defendants Motion to
Dismiss [#10] is GRANTED.   Plaintiff's Motion for Appointment of
*pro bono* Counsel [#13] is DENIED.   Plaintiff is ordered to show
cause in writing, why this action should not be dismissed unless
there is an appearance by plaintiff's counsel within 90 days.

IT IS SO ORDERED.

DATED this **26ᵗʰ** day of June, 2012.

United States District Judge

6 - ORDER